**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CHLOE NOFTZ, TONYA BLACK AND KENNETH WEINSTOCK, on behalf of themselves and all others similarly situated,** | ) | |
| **Plaintiff** | ) | **Case No. 1:24-cv-08100** |
| **v.** | ) | **Hon. Martha M. Pacold** |
| **KSB HOSPITAL FOUNDATION D/B/A KSB HOSPITAL F/K/A KATHERINE SHAW BETHEA HOSPITAL,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' SUPPLEMENTAL REPLY BRIEF ON JURISDICTION & STANDING**

Plaintiffs Chloe Noftz, Tonya Black, and Kenneth Weinstock (collectively, "Plaintiffs") have already suffered harm. Their data has already been misused: Defendant sent it to unauthorized third and fourth parties, who used it for targeted advertising and who knows what else. Taking private medical information about appointments, treatments, and communications and selling it to Facebook for money violates Plaintiffs' privacy and confers standing. The injury Plaintiffs assert sufficiently resembles traditional bases for suing in American courts, specifically intrusion upon seclusion and related torts. As already outlined, the motion to dismiss should be denied, and this case should proceed into discovery.

There are three simple reasons for denial of this motion – and Defendant's response does nothing to change this. First, this Court has already resolved standing issues in another medical pixel case, finding those plaintiffs had standing. Second, Plaintiffs' injuries are not hypothetical. Third, the injury suffered here is outrageous because it concerns highly personal information – like appointment information – that was shared. Defendant's response in no way

changes this analysis. The Court should find Plaintiffs alleged standing and deny Defendants' motion to dismiss.

First, Defendant's motion should be denied because the Court has already resolved this issue in another case. The case the Court pointed the parties to in its September 29 Minute Entry Order, *M. v. Advanced Reproductive Health Center, Ltd.*, No. 1:24-cv-07559, is a medical pixel case, just like this one. It involved identical facts, including a request to schedule appointments – just like this case. It involved identical claims, including federal wiretap, negligence, unjust enrichment, and Illinois wiretap. Although *Advanced Reproductive Health Center* is not binding, it is instructive. Just like those litigants, Plaintiffs here have standing. And this Court is in good company – Illinois federal courts routinely hold that plaintiffs allege standing in medical pixel cases. *See, e.g.*, *Kurowski v. Rush*, 2024 WL 3455020 (N.D. Ill. July 18, 2024) ("*Kurowski IV*") (in medical pixel case, denying defendant's motion for judgment on the pleadings); *Stein v. Edward-Elmhurst Health*, 2025 WL 580556 (N.D. Ill. Feb. 21, 2025) (in medical pixel case, denying defendant's motion to dismiss); *Kurowski v. Rush Sys. for Health*, 2023 WL 8544084 (N.D. Ill. Dec. 11, 2023) ("*Kurowski III*") (same); *A.D. v. Aspen Dental Mgmt., Inc.*, 2024 WL 4119153 (N.D.Ill. Sept. 9, 2024) ("*Aspen Dental*") (same); *Smith, et al. v. Loyola Univ. Med. Ctr.*, 2024 WL 3338941 (N.D. Ill. July 9, 2024) ("*Loyola*") (same); *Kurowski v. Rush Sys. for Health*, 683 F. Supp. 3d 836 (N.D. Ill. 2023) ("*Kurowski II*") (same); *Kurowski v. Rush Sys. for Health*, 659 F. Supp. 3d 931 (N.D. Ill. 2023) ("*Kurowski I*") (same); *Hartley v. Univ. of Chicago Med. Ctr., et al.*, 2024 WL 1886909 (N.D. Ill. Apr. 30, 2024) ("*Hartley*") (same). Just like those courts, this Court has already independently done the analysis and found that the disclosure of private medical information is traditionally recognized in American courts. The Court should do the same here.

Second, as the transcript shows, the injuries suffered here are not hypothetical. As further discussed in the opening supplemental brief, *TransUnion* discusses two camps of Plaintiffs: the first camp includes plaintiffs who have already had their information shared with unauthorized third-parties and thus have standing; the second camp includes those whose information has not yet been shared with unauthorized third-parties and thus do not have standing. *See* Plaintiffs' Supplemental Brief on Jurisdiction & Standing, Dkt. 30, at pp. 3-4. Plaintiffs are not like the *TransUnion* plaintiffs in the second camp, whose information was never disclosed, viewed, or taken by anyone. The complaint talks about this again and again and again. Plaintiffs' information was **misused by Defendant**, who collected and sold Plaintiffs' medical information to third parties. The third parties in turn shared it with fourth parties – this is a second instance of misuse. And then the third and fourth parties used Plaintiffs' information to pelt them with targeted ads – at least the third instance of misuse. And who knows what else the third and fourth parties used Plaintiffs' information for; as they are now in possession of Plaintiffs' information, they could use it for anything they like. Health insurance companies, for example, love to purchase such data to use against consumers.[1] Defendant itself *again* misused Plaintiffs' medical information just this way – by targeting vulnerable patients with medical advertising, using the medical information *Defendant itself collected*. Plaintiff Noftz, for example, received targeted ads regarding Defendant's health plans after using Defendant's website. Class Action Complaint, Dkt. 1, ¶ 133. These harms are exactly related to old common law injuries like intrusion on seclusion and public disclosure

[1] *See, e.g.*, Steve Alder, *Study Explores How Medical Apps are Sending Health Data to Facebook and Others*, THE HIPAA JOURNAL (Aug. 26, 2022, https://www.hipaajournal.com/study-explores-how-medical-apps-are-sending-health-data-to-facebook-and-others/; Michelle Syiemlieh, *Health App Data in Court: The Terrifying Truth About Insurance, Evidence, and Your Privacy*, https://legaldesire.com/health-app-data-in-court-the-terrifying-truth-about-insurance-evidence-and-your-privacy/ (last visited Nov. 19, 2025).

of private information.

Third, while Plaintiffs need not prove the elements of their claims, it is worth noting the outrageousness of Defendant's conduct. *See M&N Trading, LLC v. BofA Sec., Inc.*, No. 24-CV-1229, 2024 WL 4651857, at *2 (N.D. Ill. Nov. 1, 2024) ("Article III standing is a separate question which has a lower pleading standard than that for the substantive cause of action."). At bottom, the injury suffered here is outrageous because it concerns highly personal information that was shared, like appointment information. Defendant cannot change Plaintiffs' allegations, no matter how many times it baselessly asserts that Plaintiffs include no detailed allegations on what Defendant disclosed. They have clearly outlined exactly what Defendant transmitted: "the terms they searched, the pages they visited, and the buttons that they clicked." *See, e.g.*, Compl. ¶¶ 20, 89-128. Furthermore, these transmissions included when patients paid bills, visited the patient portal, and their medical record activity. *Id.* For example, Defendant disclosed to Facebook Plaintiff Noftz's pages and content viewed; seeking of medical treatment; status as a patient; information regarding Plaintiff's patient portal activity; the specialties of the medical providers Plaintiff searched for and viewed; the names of the medical providers Plaintiff searched for and viewed; the search results that Plaintiff clicked on; the medical services Plaintiff viewed; and, Plaintiff's identity via her IP address and/or "c_user" cookie and/or Facebook ID. *Id.* ¶ 138. It is outrageous that Defendant would share this highly personal information with third parties like Facebook.

In short, Plaintiffs have standing because their medical data has been misused in several ways: Defendant sold it to third parties, third parties in turn sold it to fourth parties, third and fourth parties used it to pelt Plaintiffs with targeted advertising, and Defendant misused the information to its own benefit to target Plaintiffs with health advertising. Plaintiffs

have sufficiently alleged standing and should survive this motion.

Dated: November 19, 2025

Respectfully submitted,

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV (*Pro Hac Vice*)
Michael C. Tackeff (*Pro Hac Vice*)
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com
amize@stranchlaw.com

Lynn A. Toops (No. 63337-43)
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Tel: (317) 636-6481
ltoops@cohenmalad.com

Samuel J. Strauss (ARDC No. 6340331)
Raina C. Borrelli (ARDC No. 6340619)
**STRAUSS BORRELLI PLLC**
908 N. Michigan Avenue, Suite 1610
Chicago Illinois 60611
Tel: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

***Counsel for Plaintiffs and the Proposed Class***

**CERTIFICATE OF SERVICE**

It is hereby certified that on November 19, 2025, a true and accurate copy of the foregoing was filed using the CM/ECF system, which will electronically serve all counsel of record.

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV