**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CHLOE NOFTZ, TONYA BLACK and KENNETH WEINSTOCK, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**KSB HOSPITAL FOUNDATION d/b/a KSB HOSPITAL F/K/A KATHERINE SHAW BETHEA HOSPITAL,**<br><br>**Defendant.** | **Case No. 1:24-cv-08100** |

## DEFENDANT KSB HOSPITAL'S RULE 12(b)(6) and 12(b)(1) MOTION TO DISMISS

Defendant Katherine Shaw Bethea Hospital ("Defendant" or "KSB")[1] hereby moves to dismiss the putative Class Action Complaint filed by Plaintiffs Chloe Noftz, Tonya Black, and Kenneth Weinstock ("Plaintiffs") in its entirety pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.[2] The grounds for this motion are set forth fully in the accompanying memorandum in support, but can be summarized as follows:

1. Plaintiffs fail to state a claim for violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511 and 2702 and the Electronic Communications Service and Stored Communications provisions therein. (Counts VIII to X).

---

[1] Defendant has informed Plaintiffs that KSB Hospital Foundation is a distinct entity from Katherine Shaw Bethea Hospital, which was the not-for-profit hospital located in Dixon, Illinois. Doc. 12. Following a merger and acquisition, the new proper name for Defendant should be OSF Healthcare System d/b/a OSF Saint Katharine Medical Center. Doc. 20. For the convenience to the parties, Defendant will continue to refer to itself as KSB Hospital as identified in the Complaint. Defendant reserves all rights, privileges, and defenses with respect to the incorrect party name.

[2] In the Court's Minute Entry of September 29, 2025, the Court granted Defendant leave to re-file a motion to dismiss upon completion of briefing on jurisdiction. Doc. 28. On November 20, 2025, Defendant filed a Notice of Intent informing the Court that it will so file on this date, December 5, 2025. Doc. 33.

2. Plaintiffs fail to state a claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* (Count XI).

3. Plaintiffs cannot pursue class claims in federal court because there is no minimal diversity, as Plaintiffs and KSB are Illinois citizens.

4. The Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.

5. Plaintiffs fail to state a claim for common law negligence and negligence *per se*. (Counts I and II).

6. Plaintiffs fail to state a claim for breach of express and implied contract. (Counts III and IV).

7. Plaintiffs fail to state a claim for unjust enrichment. (Count V).

8. Plaintiffs fail to state a claim for violation of the Illinois Eavesdropping Statute, 720 ILCS 5/14, *et seq.* (Count VII).

9. Plaintiffs fail to state a claim for unlawful bailment. (Count VI).

This 5th day of December, 2025.

Respectfully submitted,

***/s/ Sanjay S. Karnik***
Sanjay S. Karnik
Ill. Reg. No. 6300156
Brandi Z. Burton-Murrain
Ill. Reg. No. 6323698

CHILIVIS GRUBMAN, LLP
159 N. Sangamon Street, Suite 313A
Chicago, IL 60607
Tel: (872) 260-6679
Fax: (404) 261-2842
skarnik@cglawfirm.com
bmurrain@cglawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December, 2025, I have caused the electronic filing of the foregoing document described as **DEFENDANT KSB'S HOSPITALS RULE 12(b)(6) AND 12(b)(1) MOTION TO DISMISS** through the CM/ECF system, which will serve all parties of record.

***/s/ Sanjay S. Karnik***
Sanjay S. Karnik